# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00109-CR

## In re Clarence Bob Hamilton

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 33,236, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Clarence Bob Hamilton is serving the life sentence imposed in 1984 following his conviction for aggravated sexual assault.[1]  In September 2005, he filed a pro se motion for forensic DNA testing, and an attorney was appointed to represent him.  *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2005).  On February 7, 2006, after considering the State's response to the motion and Hamilton's reply to the State's response, the district court overruled the motion.  This appeal followed.

There is no dispute regarding the underlying facts, which we discussed in our 1986 opinion.  Two black men wearing gloves and masks, one armed with a screwdriver, entered the complainant's house at about 3:00 a.m.  The intruders beat the complainant into unconsciousness.  She regained consciousness at about 7:45 a.m. and made her way to a neighbor's house.  During

---

[1]  The conviction was affirmed by this Court.  *Hamilton v. State*, No. 03-84-00331-CR (Tex. App.—Austin Jan. 22, 1986, no pet.) (not designated for publication).

treatment at the hospital emergency room, it was discovered that the complainant had been sexually assaulted. Tests of seminal fluid recovered from the complainant's body showed that it had been deposited by a person having type B blood. Fifteen percent of the black population, including Hamilton, have this blood type. Later that same day, Hamilton sold two items of furniture taken from the complainant's house. A locket also stolen by the intruders was found in Hamilton's residence following his arrest. The trial court authorized Hamilton's conviction for sexual assault as either the primary actor or as a party, and this Court found the evidence to be legally sufficient to sustain the jury's finding of guilt. The second intruder was never identified.

According to the State's response, six items of evidence containing biological material, including the rape kit, remain in the State's possession, and it is possible that DNA tests can be successfully performed even after twenty-two years. In its order denying testing, the trial court found that Hamilton failed to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results were obtained through DNA testing. *See id*. art. 64.03(a)(2)(A); *see also Smith v. State*, 165 S.W.3d 361, 364-65 (Tex. Crim. App. 2004) (DNA testing applicant must prove there is 51 percent chance that he would not have been convicted if test results were favorable). Hamilton's sole point of error challenges this conclusion. Because this is a mixed question of law and fact that does not turn on credibility, we conduct a de novo review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Hamilton argues that an exculpatory DNA test result would conclusively establish that he was not the person who sexually assaulted the complainant, and that he could not be convicted as a party to the offense in the absence of direct evidence that he encouraged, directed, or

2

aided the assailant. *See* Tex. Pen. Code Ann. § 7.02 (West 2003). But as this Court held on original submission, the only reasonable inference that can be drawn from the evidence is that the complainant was sexually assaulted by one of the burglars. Hamilton's possession of the complainant's property supports an inference that he was one of the burglars, and his various efforts to explain away his possession of the stolen property were shown to be false. An item of stolen property was retrieved from his residence. Contrary to Hamilton's argument, the evidence would support his conviction as a party to the sexual assault even if the DNA tests were exculpatory. In light of the competent evidence supporting a finding of Hamilton's guilt as a party to the offense, he did not establish by a preponderance of the evidence that he would not have been convicted if exculpatory results were obtained through DNA testing.

The point of error is overruled, and the district court's order is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   September 19, 2006

Do Not Publish

3